STATE OF HAWAI`I, Plaintiff-Appellee,
v.
GWENNETTE NALANI LARIDE, aka Gwennette Spence and Gwennette Laride-Spencer, Defendant-Appellant.
No. 27823.
Intermediate Court of Appeals of Hawaii.
July 31, 2008.
Shawn A. Luiz, for Defendant-Appellant.
Peter B. Carlisle, Prosecuting Attorney, Brian R. Vincent, Deputy Prosecuting Attorney, City and County of Honolulu for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
RECKTENWALD, C.J., Watanabe and Leonard, JJ.
Defendant-Appellant Gwennette Nalani Laride (Laride) appeals from the Judgment of Conviction and Probation for the offense of Unauthorized Control of Propelled Vehicle (UCPV), a violation of Hawaii Revised Statutes (HRS) § 708-836 (2004), entered on February 17, 2006, by the Circuit Court of the First Circuit (Circuit Court).[1] After a jury found Laride guilty, she was sentenced to a five-year term of probation.
On appeal, Laride argues that the Circuit Court erred when it: (1) summarily denied her motion to suppress evidence; (2) disallowed, during cross-examination, evidence of another person's criminal history of UCPV; and (3) denied her motion for a new trial. We disagree and, therefore, affirm.
(1) The Motion to Suppress: Laride filed a Motion to Suppress Items of Evidence or in the Alternative Motion to Dismiss the Complaint (Motion to Suppress), which sought to preclude from use at trial certain evidence obtained from an alleged warrantless search and seizure of Laride's property, in violation of her state and federal constitutional rights:
1. All evidence recovered in this case including statements made by Defendant;
2. The arrest of Defendant Laride;
3. Any evidence that was recovered as fruits of an illegal search.
When the Motion to Suppress came on for hearing (roughly seven weeks after it was filed and fifteen days before Laride's trial), the State of Hawai`i (State) indicated that it was ready to proceed and had two witnesses standing by ready to testify. Defense counsel, however, informed the court, "We're not ready to proceed." The judge asked if Laride's absence was the cause, and counsel replied, "Yeah, that's true, Your Honor." Without stating any grounds, rationale, or reasons, counsel also said, "For the record, Your Honor, I'll ask for a continuance in this matter." The Circuit Court then denied the Motion to Suppress, not on its merits, but based on Laride's inability to proceed.
A trial court's decision to grant or deny a continuance is reviewed for an abuse of discretion. State v. Escobido-Ortiz, 109 Hawai`i 359, 364, 126 P.3d 402, 407 (App. 2005). The defendant in this case had ample time to prepare for the hearing. No reason or excuse was ever offered for Laride's absence. There was no evidence and no witness before the court in support of the Motion to Suppress. The Circuit Court did not abuse its discretion in denying a continuance in this case.
Even assuming, arguendo, that the police illegally entered Laride's residence and/or conducted an unlawful search and seizure and/or unlawful arrest, Laride has failed to identify how the admission of any resulting item of evidence or statement used at her trial affected her substantial rights. In this case, Laride argues that any statements she made subsequent to the police entry of her home  none of which were inculpatory statements  should have been suppressed. Under the circumstances of this case, the admission of any such evidence was harmless beyond a reasonable doubt. An illegal arrest, standing alone, is insufficient to entitle Laride to a reversal of her conviction. State v. Keawe, 107 Hawai`i 1, 7, 108 P. 3d 304, 310 (2005). When a defendant is arrested unlawfully, the proper remedy is to suppress the evidence collected as a result of the arrest. Id. As any failure to suppress testimony regarding Laride's statement to the police was harmless error, remand for another trial is not warranted.
(2) The Excluded "Rap Sheet" Evidence: On April 21, 2004, the day of Laride's arrest, a police officer noticed a suspicious vehicle in the driveway of Laride's residence and, by computer check of the license plate number, discovered that the vehicle had been reported stolen. One of the people inside the residence was James Pickard (Pickard). Pickard was apparently sleeping on the couch and was described as looking "pretty sick." A backpack containing Pickard's identification and correspondence addressed to Pickard was found in the back seat of the stolen vehicle.
At trial, the Circuit Court denied Laride's motion to enter Pickard's "rap sheet" into evidence and sustained the State's relevance objections to any questioning of the arresting officer about Pickard's criminal history, which purportedly included multiple convictions for UCPV. Laride contends that the "issue properly before the trier of fact was whether [Laride] had stolen the car or someone else did other than her." However, Laride's neighbor[2] had informed officers, and later testified, that she saw Laride driving the stolen vehicle about six times within the week prior to Laride's arrest, including on the morning of the arrest.
Laride asserts that the Circuit Court erred when it prevented her from presenting Pickard's prior UCPV convictions to "rebut" the neighbor's testimony. However, even if Pickard stole the vehicle, his actions do not exonerate Laride from guilt of the UCPV offense. A person commits the offense of UCPV "if the person intentionally or knowingly exerts unauthorized control over another's propelled vehicle by operating the vehicle without the owner's consent or by changing the identity of the vehicle without the owner's consent." HRS § 708-836(1). Since the offense of UCPV criminalizes any intentional or knowing operation of another's vehicle without the owner's consent, evidence that Pickard may have stolen the vehicle was irrelevant to the determination of whether Laride knowingly and intentionally operated the vehicle without the consent of the vehicle's owner. That is, the evidence of Pickard's prior convictions of UCPV had no tendency to make the fact of Laride's operation of the vehicle in question "more probable or less probable than it would be without the evidence." Hawaii Rules of Evidence (HRE) Rule 401.
Although a trial court under HRE Rule 404(b) "may" admit evidence of other crimes, wrongs, or acts "where such evidence is probative of another fact that is of consequence to the determination of the action, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, modus operandi, or absence of mistake or accident [,] " HRE Rule 404(b) precludes the use of such evidence "to prove the character of a person in order to show action in conformity therewith." Laride intended to use the evidence precisely for the purpose which HRE Rule 404(b) prohibits, which was to show that since Pickard is a five-time offender of UCPV, he must have acted in conformity therewith on this particular occasion.
We note that the jury heard testimony that Pickard's backpack containing his identification and mail was found in the stolen vehicle. This evidence alone already identified Pickard as a possible suspect. Introducing Pickard's criminal record could only entice the jury into misusing the evidence to conclude that Pickard (and therefore not Laride) committed UCPV and would distract the jury from considering the elements of the UCPV charge required to be proved against Laride. The Circuit Court did not abuse its discretion in determining that the probative value of Pickard's prior convictions was substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. See HRE Rule 403. The Circuit Court did not err or abuse its discretion when it excluded this evidence on grounds of relevancy under HRE Rules 401 and 403. See State v. Fetelee, 117 Hawai`i 53, 62, 175 P.3d 709, 718 (2008).
(3) The Motion for New Trial: On appeal, Laride argues that two grounds warranted a new trial: (1) she was prevented from presenting the evidence of Pickard's prior criminal convictions; and (2) the police entered her home without a warrant or exigent circumstances. As discussed above, we reject Laride's argument that the Circuit Court erred in disallowing evidence of Pickard's criminal convictions. Laride's argument regarding the alleged illegal police entry-of her home is meritless because, as discussed above, any failure to suppress Laride's statements to the police after their entry to Laride's residence was harmless. We hold that the Circuit Court did not abuse its discretion in denying Laride's motion for a new trial. See State v. Yamada, 108 Hawai`i 474, 478, 122 P.3d 254, 258 (2005).
For these reasons, we affirm the Circuit Court's February 17, 2006 Judgment of Conviction and Probation.
NOTES
[1] The Honorable Richard W. Pollack presided.
[2] The neighbor testified that she knew Laride. She and Laride would "say hi" to each other. Sometimes Laride would borrow" little things" from her. There was no indication of any dispute or problem between them.